UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS HUGO ARITA-RAMIREZ,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION CENTER,

Respondent.

No. 1:26-cv-07550-DAD-CSK (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND GRANTING RESPONDENT'S MOTION TO DISMISS

(Doc. Nos. 1, 6, 8)

Petitioner Carlos Hugo Arita-Ramirez is a former federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 26, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be dismissed. (Doc. No. 8.) Specifically, the magistrate judge concluded that, because petitioner was no longer in immigration custody as of September 22, 2026, the petition is now moot. (*Id.* at 2). The pending findings and recommendations were served on the parties and contained notice that any

/////

/////

objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 3.) To date, no party has filed objections and the time in which to do so has passed.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above,

1. The findings and recommendations issued on October 26, 2026 (Doc. No. 8) are ADOPTED IN FULL;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is DISMISSED without prejudice as moot;
3. Respondent's motion to dismiss (Doc. No. 6) is GRANTED; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 12, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

[1] The court notes that on November 3, 2026, the findings and recommendations that had been served by mail directed to petitioner's address of record were returned to the court by the U.S. Postal Service marked as "undeliverable" and "unable to forward."